Devin Fok (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

***Attorneys for Plaintiff and the Proposed Class***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER LEE MILLER, individually and on behalf of the putative class,

Plaintiffs,

vs.

TRUTHFINDER, LLC.; and DOES 1-10, inclusive,

Defendants.

CASE NO. '23CV2092 BAS SBC

**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

1. 15 U.S.C. §1681a(d)(1),
2. 15 U.S.C. §1681b(b)
3. 15 U.S.C. §1681e(b)
4. 15 U.S.C. §1681e(a)
5. 15 U.S.C. §1681k(a)(1)
6. 15 U.S.C. § 1681a(f)
7. Cal. Civ. C. §1786.28; and

**JURY TRIAL DEMANDED**

Plaintiff CHRISTOPHER LEE MILLER ("Plaintiff"), on behalf of himself individually and a class of similarly-situated individuals, complains against Defendant TRUTHFINDER, LLC ("Truthfinder") and DOES 1-10, inclusive, and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a case about Defendant Truthfinder procuring and selling consumer background reports to third parties willing to pay via subscription services on their website Truthfinder.com, yet claiming they are not a Consumer Reporting Agency under governance of the FCRA, despite operating as one. They state that generated reports are used to "satisfy curiosity, protect your family, and find the truth about people in your life". They allow users to run reports based on information provided such as an individual's name and residence address. Yet, they know that their services are used routinely to conduct background screening for employment purposes.

2. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 was enacted to ensure that background screening companies or "consumer reporting agencies" exercise their "grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id* § 1681(a)(4).

3. The background check report on Plaintiff that Defendant Truthfinder procured is a "consumer report" as defined under 15 U.S.C. §1681a(d), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes, including employment purposes.

4. Defendant Truthfinder is a "Consumer Reporting Agency" as defined under 15 U.S.C. §1681a(f), because it collects and furnishes consumer information, including public record information about a consumer's criminal history, to a paying customer for enumerated purposes, and uses the internet for the purpose of preparing or furnishing the information.

5. Defendant Truthfinder furnished a background check report on Plaintiff with erroneous information, stating criminal charges that did not belong to Plaintiff.

6. Plaintiff was denied employment due to the inaccuracies stated on the report furnished and sold by the Defendant. Due to Defendant Truthfinder claiming they are not a Credit Reporting Agency under the FCRA, neither Plaintiff nor the putative class were provided any of the rights afforded to them under the FCRA.

7. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Disclosing erroneous information is a clear violation of this statute.

8. Defendant Truthfinder advertises and identifies that they are not a Credit Reporting Agency, despite operating as one by obtaining and selling personal information on individuals across the United States. By not claiming that they are a Credit Reporting Agency under the FCRA, doing so allows them to not have to oblige by the rules and regulations put forth by the FCRA.

## II. FACTUAL ALLEGATIONS

9. On November 13, 2021, Defendant Truthfinder provided a background check report on Plaintiff to his prospective employer. The background check report was a consumer report under the Fair Credit Reporting Act (the "FCRA").

10. On the report procured by the Defendant, it stated that Plaintiff had a felony conviction for arson belonging to "Christopher Lee Miller".

11. Specifically, Defendant's report stated a Felony charge for "Arson-1st Degree-Dwelling" with a crime location of Clay, MN.

12. Defendant disclosed criminal history belonging to another consumer.

13. Specifically, Defendant disclosed criminal history information related to Christopher Lee Miller from Minnesota. Plaintiff has never been to Minnesota.

14. As a result of the inaccurate information reported by Defendant, Plaintiff was denied employment.

15. Accordingly, Plaintiff believes and thereon alleges that Defendant routinely and systematically disclosed database records that it knew to be inaccurate, incomplete, or not up to date without verification and therefore acted with reckless disregard of its duty under the FCRA to ensure the "maximum possible accuracy" of the information reported.

16. Under the FCRA, specifically 15 USC §1681e(b), Defendant was required to use reasonable procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff. Failing to ensure an identifying picture match is a clear violation of this statute.

17. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Truthfinder is in the business of collecting, assembling, evaluating, compiling, reporting, transmitting, or communicating information concerning consumers to third parties.

18. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Truthfinder has been in the background check business for a number of years and has learned, or should have learned, from subjects and/or users of the reports or other sources that the reports that it furnishes are routinely used for credit, insurance, employment, licensing and/or legitimate business purposes.

19. Defendant did not have defined processes to verify the accuracy of the public records information provided to Plaintiff's prospective employer because information related to Plaintiff's criminal records is a matter of public information and is easily verifiable through the corrections system in the State of Minnesota.

20. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the loss of employment.

21. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs

## III. CLASS ACTION ALLEGATIONS

22. Defendant Truthfinder's practice and procedure affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of background check reports obtained on them.

23. Defendant Truthfinder's practice and procedure also affected and continue to affect Plaintiff and other consumers on whom Defendant Truthfinder prepares background check reports and furnishes to third parties.

24. Plaintiff asserts the First Cause of Action on behalf of the putative class as defined below:

> All natural persons in the United States who were the subject of a background check report that was furnished by Truthfinder for employment purposes and included any criminal history information, during the five years preceding the filing of this action until the final resolution of this action.

Such natural persons are hereinafter referred to collectively as the "Report Class," and the affected individuals are referred to collectively as "Report Class Members."

25. The Report Class is so numerous that joinder of all members is impracticable. Although the precise number of Report Class Members is known only to Truthfinder, Plaintiff is informed and believes, and on that basis alleges, that the Report Class is comprised of thousands of consumers because, in part, Truthfinder claims it has "8 million plus monthly users, 350 million plus total records, and 300 thousand plus daily searches" who request background check reports from Truthfinder. *See* About Truthfinder, *located at* https://www.truthfinder.com/about.

26. There is a significant community of interest among the Report Class Members, as there are questions of law and fact common to the Report Class that predominate over any questions affecting only individual Report Class Members. Those questions include:

a. Whether Truthfinder is a "consumer reporting agency" as defined under 15 U.S.C. §1681a(f);

b. Whether the background check report that Truthfinder furnished to Plaintiff is a "consumer report" as defined under 15 U.S.C. §1681a(d);

c. Whether Truthfinder violated the duty to maintain strict procedures designed to insure that adverse public record information it reports on a consumer for employment purposes is complete and up to date as required under 15 U.S.C. §1681k(a);

d. Whether Truthfinder violations of the duty to maintain strict procedures designed to insure adverse public record information it reports on a consumer is complete and up to date are "willful" as defined under 15 U.S.C. § 1681n; and

e. The amount of punitive damages, if any, to be assessed against Truthfinder for its willful violations under 15 U.S.C. §1681n.

27. Plaintiff's claims are typical of the claims of each class, as they all arise from the same operative facts and are based on the same legal theories.

a. Truthfinder regularly collects, assembles, evaluates, and/or compiles information concerning consumers that it knows is not complete and/or up to date at the time of reporting the information. Because of information gained from subjects and/or users of its reports and other sources over the years, Truthfinder knows, or should have known, that the consumer information it reports, transmits, and/or communicates to third parties is routinely used for FCRA purposes, including employment purposes. Violations of the FCRA suffered by Plaintiff are typical of those suffered by other class members, and Truthfinder treated Plaintiff's consumer information consistently with other putative class member in accordance with its standard policies and procedures.

28. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has no conflict with the Class. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Notice and Report Class Members in individually controlling the prosecution of separate claims against Defendants is small, as the maximum statutory damages recoverable by any one Notice or Report Class Member is limited to $1,000 under the FCRA. Management of the Notice and Report Class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

## IV. THE PARTIES

30. Plaintiff Christopher Lee Miller is a resident of the city of Weirton in the Hancock and Brooke Counties in the State of West Virginia.

31. Defendant Truthfinder is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services from their principal place of business at 375 Camino de la Reina, Suite 400, San Diego, CA 90218.

32. Defendants DOES 1-10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sues them under such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants perpetrated some or all of the wrongful acts alleged in this Complaint, is responsible for the harm alleged, and is liable to Plaintiff. Plaintiff will amend this Complaint to state the true names and capacities of such fictitiously-named defendants if and when they are ascertained.

## V. JURISDICTION AND VENUE

33. The Court has jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355 and 15 U.S.C. §1681p.

34. The venue is proper pursuant to 28 U.S.C. §1391(b)(c). Defendant Truthfinder's principal place of business is in San Diego County, California. Additionally, Defendant Truthfinder regularly sells consumer reports to individuals within this District, as well as individuals all across the United States, such as for the report procured for Plaintiff, who resides in West Virginia.

## VI. FIRST CAUSE OF ACTION: 15 U.S.C. § 1681a(d)(1) Class Claim Against Truthfinder

35. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

36. Defendant Truthfinder comprises information on individuals and lists on procured reports information such as possible relatives, associates, various possible contact information, criminal history, social and business profiles, licenses, sex offender registries, finances, and assets, depending on which paid package the person obtaining the report chooses.

37. After customers of Defendant purchase a consumer report, they are transmitted throughout the country using facilities of interstate commerce including but not limited to electronic transmission.

38. The background check report on Plaintiff that Defendant Truthfinder procured is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or

collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes.

39. Defendant disclaims on marketing materials and on reports that they are not under FCRA governance in an attempt to avoid abiding to obligations set forth by the FCRA, despite providing information which qualifies them as one under the FCRA.

## VII. SECOND CAUSE OF ACTION
## 15 U.S.C. § 1681b(b)
## Class Claim Against Truthfinder

40. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

41. The background check report on Plaintiff that Defendant Truthfinder procured is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes.

42. Section 604(b) of the FCRA 15 U.S.C. § 1681b(b) states that, "Consumer Reporting Agencies may furnish consumer report for employment purposes only if … the Consumer Reporting Agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title".

43. Defendant Truthfinder has procured background check reports to consumers who used the furnished reports to make employment related decisions on individuals.

44. At the time of the incident regarding Plaintiff, Defendants' did not have methods of assuring that the consumer purchasing the report would not use it for making employment related decision.

45. Disclaiming on their report that they are not a Credit Reporting Agency under governance by the FCRA does not ensure that the consumer would not use the report for employment related decisions.

46. Despite disclaiming on their reports that the consumer report should not be used for employment related decisions, Defendant at the time of the incident did not have a defined method of assurance that they will not use it for such purposes.

47. Defendant failed to obtain certification that the consumer would not use stated information on the furnished consumer reports for employment related decisions, since there was no certified method of assurance that consumers would not utilize consumer reports to make employment related decisions at the time of the incident.

48. Defendant failed to provide in the report a summary of the consumer's rights under the FCRA, since they disclaim they are not a Credit Reporting Agency under the FCRA in order to not have to comply by the rules, but as stated prior, Defendant is a Credit Reporting Agency under the FCRA.

## VIII. THIRD CAUSE OF ACTION:
## 15 U.S.C. § 1681e(b)
## Individual Claim Against Truthfinder

49. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

50. The background check report on Plaintiff that Defendant Truthfinder procured is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's … character, general reputation,

personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes.

51. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

52. Defendant's conduct was willful and/or reckless because it knew that its failure to report accurate criminal history belonging to the Plaintiff is insufficient to assure maximum possible accuracy of the criminal history information reported.

53. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

54. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

**IX. FOURTH CAUSE OF ACTION**
**15 U.S.C. § 1681e(a)**
**Class Claim Against Truthfinder**

55. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

56. The background check report on Plaintiff that Defendant Truthfinder procured is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes".

57. Under FCRA 15 U.S.C. § 1681e(a) requires Credit Reporting Agencies to:

> "identify themselves, certify the purposes for which information is sought, and certify that the information will be used for no other purpose. Every Consumer Reporting Agency shall make reasonable effort to verify the identity of a new

prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No Consumer Reporting Agency may furnish a consumer report to any person if it has reasonable ground for believing that the consumer report will not be used for a purpose listed in section 1681(b) of this title."

58. Defendant Truthfinder disclaims on their website that the purpose of individuals purchasing reports is to "satisfy curiosity, protect your family, and find the truth about people in your life".

59. Defendant did not have measures to ensure that they had reasonable grounds to believe that the consumer report will not be used for purposes such as employment related decisions, as stated in section 1681(b) of this title.

60. Defendant provided a disclaimer on the furnished report, yet that does not ensure that the consumer who purchased it would not use it for employment related decisions.

61. Employment related decisions is not accurately represented under their purpose of selling reports to "satisfy curiosity, protect your family, and find the truth about people in your life".

## X. <u>FIFTH CAUSE OF ACTION:</u> <u>15 U.S.C. § 1681k(a)(1)</u> <u>Class Claim Against Truthfinder</u>

62. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

63. The background check report on Plaintiff that Defendant Truthfinder generated on Plaintiff is a "consumer report" as defined under 15 U.S.C. §1681a(d), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in

establishing the consumer's eligibility" for enumerated purposes, including employment purposes.

64. Defendant Truthfinder is a "Consumer Reporting Agency" as defined under 15 U.S.C. §1681a(f), because it collects and furnishes consumer information, including public record information about a consumer's criminal history, to a paying customer for enumerated purposes, including employment purposes, and uses the internet for the purpose of preparing or furnishing the information.

65. As stated from 15 U.S.C. §1681k(a)(1), if a Consumer Report Agency furnishes a consumer report for employment purposes which are a matter of public record and could potentially have an adverse effect upon a consumer's ability to obtain employment, they shall notify the consumer that the public record information is being reported by the consumer reporting agency."

66. Defendant runs consumer reports on any individual willing to pay to obtain information on another individual. They do not provide notice to the individual that the report is being ran on, despite reports being generated for anyone in the United States. Despite disclaiming not to use their reports to make any employment related decisions, Defendant did not have certified measures to ensure that purchased reports were not used for such purposes.

67. Truthfinder consumer reports have been used to make employment related decisions for individuals before and since they have been procured for such matter, and since they fall under a Credit Reporting Agency as defined by the FCRA, Defendant fails to provide notice that such information is being used for such purposes to the individual the report is furnished on.

68. Defendant Truthfinder willfully violated 15 U.S.C. §1681k by providing public record information about Plaintiff.

69. Defendant Truthfinder knowing or reckless violation of the FCRA duty subjects it to a statutory damage between $100 and $1,000 per violation, along with punitive damages, reasonable attorney's fees, and costs. 15 U.S.C. § 1681n(a).

## XI. SIXTH CAUSE OF ACTION: 15 U.S.C. § 1681a(f) Class Claim against Truthfinder

70. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

71. Section 603(f) of the FCRA, 15 U.S.C. § 1681a(f), defines a Credit Reporting Agency as:

> "Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

72. Defendant Truthfinder regularly assembles consumer reports by obtaining information from third parties on an individuals and sells it to customers who are willing to purchase it through monthly or bi-monthly subscription plans. Monthly and bi-monthly plans for the "People Search" option on their website include information defined as a consumer report under 15 U.S.C. § 1681a(d)(1), "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living", such as social media profiles, criminal history, employment history, possible addresses, etc.

73. Such subscriptions are listed on their website available for purchase with monthly plans quoted at $28.05 per month, and bi-monthly plans quoted at $23.28 per month. See *Pricing* for Truthfinder *located at* https://www.truthfinder.com/pricing/.

74. Defendant Truthfinder's website states that they generate information stated on reports through public records. Truthfinder defines public records as, "Public records are any documents, information, or data that are created, collected, and

maintained by government agencies or other public institutions." They indicate that public records also "include information publicly available on the internet, such as social media profiles, websites, and blogs. Some public records include: birth and death records, arrest and criminal records, bankruptcies and liens." *See* Public Records for Truthfinder *located at* https://www.truthfinder.com/public-records/.

75. Truthfinder generates such consumer reports and sells them through interstate commerce electronically through their website. Truthfinder is based in San Diego, CA yet advertises they provide services all throughout the United States.

76. Defendant obtains information through third parties on individuals all throughout the United States and sells it to them. Defendant procured a consumer report on Plaintiff, who resides in West Virginia.

## XII. SEVENTH CAUSE OF ACTION: Cal. Civ. C. §1786.28 Individual Claim Against Truthfinder

77. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

78. The background check report on Plaintiff that Defendant Truthfinder procured on Plaintiff is an "investigative consumer report" as defined under California Civil Code §1786.2(c), because the information that it has obtained from its sources and reports in turn to a third party bears on "a consumer's character, general reputation, personal characteristics, or mode of living."

79. Defendant Truthfinder is an "investigative consumer reporting agency" as defined under California Civil Code §1786.2(d), because it collects, assembles, evaluates, compiles, reports, compiles, reports, transmits, transfers, or communicates consumer information for the purpose of providing an investigative consumer report to a third party for a fee.

80. Defendant Truthfinder did not maintain any procedures to insure that criminal history information belongs to Plaintiff prior to reporting it.

81. Defendant Truthfinder did not maintain strict procedures designed to insure that Plaintiff's criminal history information it reported would be accurate, in violation of California Civil Code §1786.28.

82. Defendant Truthfinder's violation entitles Plaintiff to the statutory damage of $10,000, along with reasonable attorney's fees, and costs. California Civil Code §1786.50.

83. Defendant Truthfinder's violation was in conscious reckless disregard of Plaintiff's rights under the statute. It knew, or should have known, that provision of disclosing erroneous information would adversely affect Plaintiff's employment; however, Defendant Truthfinder intentionally sought to escape liabilities under the law by providing misleading information to users of its reports that it is not a "consumer reporting agency" under the FCRA, instead of expending resources to maintain strict procedures designed to ensure that the information it provided was complete and up to date.

84. Defendant Truthfinder's willful violation of its ICRAA duty subjects it to punitive damages. California Civil Code §1786.50.

## XIII. PRAYER FOR RELIEF

85. WHEREFORE, Plaintiff prays for relief as follows:

a. With regard to the First and Second Causes of Action, a judgment on behalf of herself and the Class against each Defendant, including:

   i. An order certifying the proposed Report Class and appointing Plaintiff and her counsel to represent the Notice Class and Report Class;

ii. Statutory damages in an amount not less than $100 and not more than $1,000 per violation per each Notice and Report Class Member pursuant to 15 U.S.C. § 1681n(a);

iii. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

iv. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n; and

v. Such other and further relief, in law or equity, as this Court may deem appropriate and just.

b. With regard to the Third and Fourth Causes of Action, a judgment on behalf of herself individually against each Defendant, including:

i. The statutory damage of $10,000 pursuant to California Civil Code § 1786.50(a);

ii. Punitive damages pursuant to California Civil Code § 1786.50(b);

iii. Costs and reasonable attorney's fees pursuant to California Civil Code § 1786.50; and

iv. Such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: November 10, 2023



Devin H. Fok, Esq.
Attorney for Plaintiff and the Proposed Class