# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE MILLER, individually and on behalf of the putative classes,<br><br>Plaintiff,<br><br>v.<br><br>TRUTHFINDER, LLC; and DOES 1–10, inclusive;<br><br>Defendants. | Case No. 23-cv-2092-BAS-SBC<br><br>**ORDER ON JOINT STIPULATION TO ARBITRATE CLAIMS**<br>**(ECF No. 4)** |

Plaintiff filed a class action complaint against TruthFinder in this Court on November 13, 2023. (ECF No. 1). On or about November 14, 2021, Plaintiff Christopher Lee Miller and Defendant TruthFinder, LLC (collectively, the "Parties") agreed to TruthFinder's Terms of Use & Conditions of Sale ("Terms"). The Terms contain an arbitration agreement providing that this dispute shall be resolved by final and binding arbitration by the American Arbitration Association.

Accordingly, the Parties stipulated to the following: This case is ordered to arbitration. Pending further order, this action is stayed in its entirety. By entering into the stipulation, neither party waived any procedural or substantive arguments or defenses

either party may have related to the claims, including, but not limited to, Plaintiff's ability to contest the arbitrability of the claims before the arbitrator. (ECF No. 4 at 2:10–13.)

In accordance with Parties' Joint Stipulation (ECF No. 4), the Court directs the Clerk of the Court to **ADMINISTRATIVELY CLOSE** this action. The decision to administratively close this action pending the resolution of the arbitration does not have any jurisdictional effect. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[A] district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing. An order administratively closing a case is a docket management tool that has no jurisdictional effect.").

**IT IS SO ORDERED**.

**DATED: December 8, 2023**

Hon. Cynthia Bashant
United States District Judge